UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONAL LABOR RELATIONS BOARD,

    Applicant,

Case No. 11-mc-51480

v.

HON. MARK. A. GOLDSMITH

CENTER CONSTRUCTION CO., INC.
d/b/a CENTER SERVICE SYSTEM
DIVISION, and its alter ego, HOME
SERVICE CENTER, LLC,

    Respondents.

_____/

## OPINION AND ORDER REGARDING EFFECT OF BANKRUPTCY STAY

The matter before the Court is a debt-collection proceeding initiated by the National Labor Relations Board (NLRB or the Board) against Home Service Center, LLC (HSC). At a hearing on whether HSC was the alter ego of another entity – Center Construction Co., Inc. d/b/a Center Service System Division (Center Service) – the Court raised the issue of whether the bankruptcy filing of Center Service stayed adjudication of NLRB's alter ego claim in this Court. For the reasons explained below, the Court concludes that the matter should not be stayed.

### I. BACKGROUND

The Board registered a consent judgment, entered by the United States Court of Appeals for the Sixth Circuit in May 2011, between itself and Center Service (Dkt. 1). The Board then filed an <u>ex parte</u> application for a post-judgment writ of garnishment and protective restraining order (PRO) (Dkts. 2, 3) to hold HSC liable for Center Service's debt, on the theory that HSC is an alter ego of Center Service. The Court entered the PRO and writ of garnishment (Dkts. 4, 6). In response, HSC filed a motion to vacate (Dkt. 8). The Court held a hearing on the motion on

November 8, 2012, and ordered HSC to file a brief with evidence regarding alter ego status (Dkt. 11). Pursuant to an agreement between the parties, the Court vacated the writ of garnishment (Dkt. 15), which may be reissued if the Court finds that HSC is the alter ego of Center Service.

On December 19, 2012, the Court held an evidentiary hearing on whether HSC is the alter ego of Center Service. At the hearing the Court noted that Center Service had filed for bankruptcy. The Court adjourned the hearing, ordered supplemental briefing on the effect of Center Service's bankruptcy filing upon the Court's ability to determine HSC's alter ego status (Dkt. 22), and invited Center Service's bankruptcy trustee to submit a brief. The Board filed a supplemental brief (Dkt. 25), but HSC and Center Service's bankruptcy trustee did not; the time to do so has expired.

## II. THE BOARD'S ARGUMENTS

The Board represented, in its supplemental brief, that is had communicated to the bankruptcy trustee the Court's invitation that he file a brief on alter ego and jurisdiction. The trustee declined, stating that the Board's action would "inure to the benefit of the NLRB only and will not result in any assets for the general creditors of Center [Service]" and the involvement of the estate was not justified. Id. at 5. The Board also noted that neither it, nor HSC, contested the Court's jurisdiction to determine HSC's alter ego status. Id. Additionally, the Board argued that the Court had jurisdiction to decide the alter ego status issue because the Board's claim does not threaten the estate of the bankrupt debtor, Center Service, or "intrude" upon the Bankruptcy Court. NLRB Supp. Br. 6-7. The Board contended that it seeks to impose a remedy upon an entity not in bankruptcy and, therefore, the stay of 11 U.S.C. § 362 did not bar its action. NLRB Supp. Br. 8-9.

2

### III. ANALYSIS

The issue before the Court is whether a bankruptcy filing by Center Service stays the garnishment proceedings against HSC. See 11 U.S.C. § 362 (requiring that the filing of a bankruptcy petition under § 362(a) automatically operates to stay "the commencement or continuation . . . of a judicial . . . proceeding against the debtor"). The bankruptcy code provides that the filing of a bankruptcy petition does not stay

> the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's . . . police or regulatory power;

Id. § 362(b)(4). In the context of garnishment proceedings, Board-initiated proceedings are not subject to that automatic stay. See, e.g., NLRB v. M&V Painting, Inc., No. 97-75019, 2001 WL 1829517 (E.D. Mich. June 15, 2001). Consequently, the enforcement of a money judgment against a debtor is not allowed, but a money judgment may be entered. NLRB v. 15th Ave. Iron Works, Inc., 964 F.2d 1336, 1337 (2d Cir. 1992) ("The collection of [a money] judgment after entry . . . is not authorized by this 'enforcement' proceeding, and requires a separate application to the bankruptcy court.").

Furthermore, Nieto v. Unitron LP, No. 06-11966, 2006 WL 2255435 (E.D. Mich. Aug. 7, 2006), a case cited by the Board, provides authority that an alter ego claim is not property of the bankruptcy estate under Michigan law. The court determined that the "core issue" before it was whether the plaintiffs' claims "against Unitron LP under an alter ego theory [were] property of the bankruptcy estate that can be asserted solely by the Bankruptcy Trustee." Id. at *4. The court then held that the plaintiffs' claims were not property of the bankruptcy estate. Under Sixth Circuit law, state law determines whether a claim is property of a bankruptcy estate. Id. at

3

*5 (citing In re RCS Engineered Prods., 102 F.3d 223 (6th Cir. 1996)). "If under governing state law the debtor could have asserted an alter ego claim to pierce its own corporate veil, that claim constitutes property of the bankrupt estate and can only be asserted by the trustee or the debtor-in-possession." Id. Under Michigan law, an alter ego claim is not considered property of the bankruptcy estate. Id. (citing In re RCS Engineered Prods., 102 F.3d at 226-227). The district court concluded that the automatic stay did not operate to bar lawsuits alleging alter ego claims and denied Unitron LP's motion to dismiss. Id. at *6.

Here, the Board is exercising its police or regulatory power in attempting to hold HSC liable for Center Service's violations of the National Labor Relations Act. Consequently, the Board-initiated garnishment proceedings fall under § 362(b)(4)'s exception to the automatic stay. Furthermore, the alter ego claim is not property of Center Service's bankruptcy estate under Michigan law. In re RCS Engineered Prods., 102 F.3d at 226-227. Thus, the automatic stay triggered by Center Service's bankruptcy filing does not operate to stay this Court's adjudication of NLRB's alter ego claim and entry of a judgment.

## IV.  CONCLUSION

For the reasons stated above, the Court concludes that adjudication of NLRB's alter ego claim is not stayed.

SO ORDERED.


Dated:  May 2, 2013                                             s/Mark A. Goldsmith
         Flint, Michigan                                        MARK A. GOLDSMITH
                                                                United States District Judge

4

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 2, 2013.

                                                s/Deborah J. Goltz
                                                DEBORAH J. GOLTZ
                                                Case Manager